IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TAMARA KAY FULMER-STEWART,<br>*Plaintiff* | §<br>§<br>§ | |
| -vs- | §<br>§ | SA-24-CV-00942-XR |
| CITY OF SAN ANTONIO,<br>*Defendant* | §<br>§<br>§<br>§ | |

## ORDER ON REPORT AND RECOMMENDATION

On this date the Court considered United States Magistrate Judge Elizabeth S. Chestney's Report and Recommendation in the above-numbered and styled case, filed on September 17, 2024, recommending that Plaintiff's claims be dismissed for lack of subject matter jurisdiction (ECF No. 3) and Plaintiff's objections thereto (ECF No. 7). The Court **ADOPTS** the Magistrate Judge's recommendation (ECF No. 3), and Plaintiff's case is **DISMISSED WITHOUT PREJUDICE**.

### BACKGROUND

Plaintiff Tamara Fulmer-Stewart initiated this action against the City of San Antonio (the "City") under 42 U.S.C. § 1983 on August 22, 2024, seeking to proceed in forma pauperis. ECF No. 1.

Plaintiff's proposed Complaint contains factual allegations concerning eight separate (and mostly unrelated) instances of alleged misconduct by the City. Plaintiff asserts that:

1. The City, through VITA San Antonio (an entity providing free tax assistance to San Antonio residents), defrauded her of her tax return payment in the amount of $5,317.00, which resulted in identity theft and damage to her credit and bank accounts. ECF No. 1-2 at 3. Health and Human Services leaders allegedly promised Plaintiff $3,500 as an apology for this misconduct, which she has still not received.

2. The City breached a contract with Plaintiff regarding a lease in Hemisfair Park for her private chef business. *Id.* at 5.

3. The City, through the San Antonio Police Department ("SAPD"), generated several false reports regarding an alleged arrest of Plaintiff that never occurred. *Id.* at 7. Plaintiff also claims that she was rear-ended by an unmarked SAPD vehicle and falsely accused of being at fault for the accident. *Id.* at 8.

4. Plaintiff was wrongfully ticketed for selling strawberries during San Antonio's Fiesta celebration as part of her private chef business on City property. *Id.* at 9.

5. The City has prevented her from moving forward with her private chef business because there are no governing Health Department ordinances covering personal chefs, and she has been misclassified as a food truck or caterer, when she is neither. *Id.* at 11.

6. Health and Human Services has blocked her from hiring attorneys regarding the tax issue and has been hacking her cell phone and other devices. *Id.* at 13–14.

7. The City has failed to provide Plaintiff with any information as to why her name and date of birth were included in an incorrect report about her being arrested, when she was never arrested. *Id.* at 15.

8. Plaintiff's vehicle has been targeted for ticketing to keep her from the downtown San Antonio area. *Id.* at 16.

On September 17, 2024, the Magistrate Judge granted Plaintiff's IFP motion but recommended that Plaintiff's Complaint be dismissed for lack of subject matter jurisdiction because it did not assert any federal causes of action or adequately allege a basis for diversity jurisdiction. ECF No. 3 at 2–4. Plaintiff, the Magistrate Judge explained, "cannot sue the City of San Antonio, a Texas city, for violations of state law in federal court." *Id.* at

## DISCUSSION

**I.     Legal Standard**

A party may serve and file objections to a Report and Recommendations within fourteen days. FED. R. CIV. P. 72(a), (b)(2). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive [sic] or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982), *overruled on other grounds by Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Courts must review *de novo* any of the Magistrate Judge's conclusions to which a party has specifically objected. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Any sections that were not clearly objected to are reviewed for clear error to determine whether they are contrary to law. *Id.*; *see also United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989).

## II.     Analysis

In response to the report and recommendation, Plaintiff objects that she intended to assert a Section 1983 claim against the City under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978), challenging "the unconstitutional practices and illegal policies that stood in place." ECF No. 7 at 1. "My amendment rights have been violated and taken away and My civil rights have been violated and taken away." *Id.* Plaintiff does not specify which federal rights were allegedly violated in either the proposed Complaint (ECF No. 1-2) or her objections (ECF No. 7) to the report and recommendation of the Magistrate Judge.

"A federal question exists 'only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Singh v. Duane Morris LLP*, 538 F.3d 334, 337–38 (5th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27–28 (1983)). The Supreme Court has not "treated 'federal issue' as a password opening federal courts to any state action embracing a point of federal law." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005); *see also Kinnie v. Freedom Mortg. Corp.*, No. SA-20-CV-178-XR, 2020 WL 1284831, at *3 (W.D. Tex. Mar. 17, 2020) (citing *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002)) (observing that

"[b]reach of contract is plainly a state law claim, and the mere reference to a federal statute does not transform that state law claim into one arising under federal law.").

Section 1983 creates a federal cause of action for deprivations of federal rights; it does not create a federal procedural vehicle for state-law claims. *See* 42 U.S.C. § 1983. Plaintiff's mere reference to Section 1983 in connection with her state-law breach-of-contract and torts claims does not state a claim for violation of any federal rights and, accordingly, does not establish a basis for federal question jurisdiction. *Singh*, 538 F.3d at 337–38.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's recommendation (ECF No. 3), and Plaintiff's case is **DISMISSED WITHOUT PREJUDICE**. A final judgment pursuant to Rule 58 will follow.

The Clerk is **DIRECTED** to mail a copy of this Order and the Final Judgment to Tamara Fulmer-Stewart at 8452 Fredericksburg Rd. #444, San Antonio, TX 78229.

It is so **ORDERED**.

**SIGNED** this 21st day of October, 2024.

```
                    _____
                    XAVIER RODRIGUEZ
                    UNITED STATES DISTRICT JUDGE
```